Hon. Richard J. Lehner Counsel, Buffalo Municipal Housing Authority
This is in response to your letter received on March 20, 1978 asking for an opinion of the Attorney General whether a Buffalo Municipal Housing Authority tenant, who is a CETA employee of the City of Buffalo, may lawfully seek the Office of Commissioner of said Authority and if successful may become a Commissioner without resigning her position of employment. You state that the facts in this particular case involve a tenant of the Buffalo Municipal Housing Authority who is a City of Buffalo CETA employee assigned to work at an Authority housing project. The time sheet of said employee is verified by an assistant manager who is an employee of said Authority at the project. The tenant-employee is not paid by the Buffalo Municipal Housing Authority nor receives any benefits from it, such as health care, sick leave or vacation leave. Said tenant-employee is remunerated by checks issued by the City of Buffalo. The tenant-employee serves as an Information Aide with supervision over three other CETA employees.
Public Housing Law, § 30(5), provides:
 "5. Notwithstanding any other provision of law, each authority having supervision over one hundred or more occupied dwelling units and not located in a city having a population of more than one million shall include as members two tenants elected by the residents of the authority's housing for terms of two years each. * * *"
In an informal opinion of the Attorney General, dated February 22, 1978 and addressed to you as Counsel for the Buffalo Municipal Housing Authority, we concluded in substance, that a common law conflict of interest would ensue if the same person at the same time served as an officer or employee and commissioner for a municipal housing authority. Pursuant to Public Housing Law, § 30(5), a tenant of the Buffalo Municipal Housing Authority, who is also an employee of said Authority, may lawfully seek the office of commissioner of said Authority and if successful may become a commissioner upon resigning his position of employment.
We premised our conclusion on the wording in People ex rel. Ryanv. Green, 58 N.Y. 295 (1874), which stated in part:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court-officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law. * * *" (Emphasis supplied.)
We commented on the application of People ex rel. Ryan v. Green,supra, to the facts posed in the opinion request by saying:
 "It is apparent that a commissioner of the Buffalo Municipal Housing Authority pursuant to provisions of Public Housing Law, § 32(1) would have jurisdiction to determine the qualifications and duties of its officers and employees and to fix their compensation. If the same person served as commissioner and officer or employee at the same time, an incompatibility in the functions of the two positions of the Buffalo Municipal Housing Authority would arise as enunciated in the language contained in People ex rel. Ryan v. Green, supra."
A housing authority is a public corporation separate and apart from the State and municipal corporations of the State (Bass v. City of New York,38 A.D.2d 407 [1972], affd 32 N.Y.2d 894; see, also, Ciulla v. State,191 Misc. 528 [Court of Claims, 1948]).
Since the City of Buffalo CETA employee is not an employee of the Buffalo Municipal Housing Authority, we differentiate the present question you pose from the question which was the subject of the opinion dated February 22, 1978. We now conclude that a City of Buffalo CETA employee assigned to work as an Information Aide at a project of the Buffalo Municipal Housing Authority who receives no remuneration or benefits from said Authority but is paid by checks issued by the City of Buffalo is eligible to seek the Office of Commissioner of the Authority and if elected may serve as such Commissioner and continue as a City of Buffalo CETA employee.